IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT SEPTEMBER TERM, 1842.

---

### THORPE v. RANKIN ET AL.

In Case. *Certiorari* to Common Pleas of Essex. Matter of Apprenticeship.

1 In an action founded on a statute, giving a new remedy, where none existed at the common law, the declaration ought to show whence the plaintiff derives his cause of action.

2. In such action, the declaration ought to set forth specially the facts and circumstances, the existence of which are necessary to entitle the plaintiff to the action given by the statute; unless the statute itself prescribes the form of a declaration, or declares what shall be deemed a sufficient one.

3. Whether such particularity, in a state of demand, in such an action in the court for the trial of small causes, is necessary: Quere?

4. Whether in an action on the ninth section of the act respecting apprentices &c. *Elm. Dig.* 13, an averment, "that the defendant had been bound an apprentice to the plaintiff, according to the provisions of the statute," would not be sufficient: Quere?

5. An indenture binding an apprentice to two or more masters, is void, as against the apprentice.

36

This case was argued at February Term, 1842, by

*J. Chetwood* for plaintiff in *Certiorari.*

*A. Armstrong, contra.*

Opinion of the Court, delivered by

HORNBLOWER, C. J.  This was an action on the case, brought by William Rankin and two others, his partners in business, as Hatters, under the name and style of William Rankin & Co., against Edward Thorpe, the plaintiff in *Certiorari;* (who they allege had been their apprentice;) for having run away and left their service on several occasions during his minority and while he was such apprentice.  The action was founded and must be sustained, if sustained at all, upon the ninth section of the act respecting apprentices and servants. *Elm. Dig.* 13.  That section gives to the master, an action on the case against his apprentice after he comes of age, to recover any damages he may have sustained by reason of such apprentice having run away, or absented himself without leave, from the master's service.

This action was brought in a court for the trial of small causes, and judgment given for the plaintiff, for one hundred dollars besides costs.  On an appeal to the Common Pleas of Essex, a like judgment was given for the plaintiffs, and the whole matter is now brought into review before us, by writ of *Certiorari.*

Several errors are assigned; some of which go to the form and sufficiency of the state of demand; and one of them to the plaintiffs' right of action.  As to the former, it is objected first, That it does not appear by the state of demand, that the action is founded upon the statute; although it is a new remedy, where none existed at the *common* law; and secondly, that the state of demand does not set forth the existence of the facts and circumstances necessary to sustain such special action on the case, as is given by the statute.  The cases cited by the counsel for the plaintiff in *Certiorari* were, *Cole, qui tam* v. *Smith; and Lee* v. *Clarke,* 2 *East,* 333.

In *Cole, qui tam* v. *Smith,* the action was brought on an act of the Legislature of New York, to prevent excessive and de-

ceitful gaming.  It gives an action of debt to the losing party,
and enacts that, it shall be sufficient for the plaintiff to allege in
his declaration, that the defendant is indebted to him in the sum
lost and paid, as for so much money had and received to the
plaintiffs' use; "without setting forth the special matter:" and
then provides, that if the person losing the money shall not sue
for it, within a certain time, any other person may "by any
such action, sue for and recover the same, with treble the amount
or value thereof, with costs &c." The declaration contained a
single count for money had and received, and it was held insuf-
ficient.  The court said, "an action founded on a statute, must
state specially the cause of action arising under the statute ; and
that nothing will  prevent the application of this rule, but the
statute itself giving a particular form of declaration ;" and as
the action in that case was not brought by the loser, but by a
person who sued *qui tam*, judgment of nonsuit was given.

The case of *Lee* v. *Clarke*, 2 *East*, 333, was debt for a penalty
on the game law, and the fatal objection was, that it did not ap-
pear that the offence was against the statute.

These cases, however, and the authorities they refer to, seem
to relate exclusively to penal statutes.  The act under which this
action is brought, is not strictly of that character.  It is in some
measure punitive upon the apprentice for his disobedient and
unfaithful conduct, but partakes more of a remedial character ;
giving to the master a fair compensation for the loss he has sus-
tained by the delinquency of his apprentice.  Nevertheless, it is
an action founded upon a statute giving a remedy where none
existed before, and upon the principles of good pleading, the
declaration ought to show, whence the plaintiff derives his right
of action.  *Doctrina placitandi*, 332, cited in 2 *East*, 340 ; *Clan-
ricarde* v. *Stokes*, 7 *East*, 516 ; 1 *Chitt. pl.* 357, 358 ; *Wheeler* v.
*Horne, Willes R.* 208.  But as the action is founded on a public
statute, and technical pleadings are not required in the court for
the trial of small causes ; and more especially, as we are prohi-
bited by the third section of the act of 1812, *Elm. Dig.* 53, from
reversing any judgment of that court, for any irregularity not
tending to defeat or impair the substantial right or interest of
the party, this objection cannot prevail.

A more serious difficulty, however, arises on the second ob-

Thorpe v. Rankin et al.

jection to the state of demand, viz : that it does not set forth the facts and circumstances necessary to bring the case within the statute; and without the existence of which facts and circumstances, the action cannot be maintained.

The statute gives the master an action *on the case;* but it prescribes no form of declaration. The plaintiff then, must state the circumstances of the case upon which he founds his claim to a recovery ; and though he need not do this with the skill and accuracy of a special pleader ; yet it should be so stated, that the court can see, he is entitled to recover, if his allegations are true. If we require less than this, we had better dispense entirely with a state of demand in the court for the trial of small causes : for a state of demand, setting forth no legal and substantial cause of action, is useless, nay worse than nothing ; and would serve only to mislead and surprise the defendant.

Now, in order to maintain an action upon the ninth section of the statute respecting apprentices and servants, the defendant must have been a *lawful apprentice* under the act, and bound according to its provisions : for, by the third section, all indentures &c. made or taken otherwise than by that act, are declared to be void in law, as against the apprentice. What then does the statute require to constitute a valid apprenticeship? In the first place, the apprentice must be under twenty-one years of age when bound : Secondly, the binding must be of his own free will and accord : Thirdly, with the consent of his father, if living; if not, then of his mother or guardian, signified by such parent or guardian sealing and signing the indenture : Fourthly, the binding must be for no longer than the period when the apprentice, if a male, should attain the age of twenty-one years : And fifthly, the age of the apprentice must be inserted in the indenture. The state of demand in this case sets out, by way of recital, some of these particulars ; but not all. It would have been sufficient perhaps, for the plaintiffs to have alleged, that the defendant had been duly bound to them as an apprentice, according to the provisions of the statute in such case made and provided : but instead of this, they have undertaken to state, how he was bound ; and yet have omitted to allege that the defendant was under twenty-one years of age when bound : that his age was inserted in the indenture : why it was that he was bound by the

consent of his mother instead of his father. For all that appears upon the record, his father was living, when he was bound; and the defendant was not bound to go to trial prepared to prove that fact, if it was so, unless the plaintiffs had alleged in their complaint, that he was dead; and without such allegation, the plaintiffs had stated no cause of action.

In *Boyle* v. *Lindsley, Penn. Rep.* 251, the action was brought for damages done by swine; and the state of demand alleged, that by force of the statute in such case made and provided, the plaintiff was entitled &c. But the court reversed the judgment, because the state of demand did not show, that the trespass was on land for which the plaintiff paid taxes: that the swine were taken in the trespass; that they were shut up; that the defendant had notice &c. So also, in *Jessup* v. *Sharp, Penn. R.* 344; and in 1 *Chitt. on Plead.* 336–7, it is laid down, that in a declaration on a public statute, it is material, that the offence, or act charged to have been committed by the defendant, appears to have been within the provision of the statute; and that *all circumstances necessary to support the action,* must be alleged. The conclusion, *contra formam statuti,* will not aid the omission.

Though I incline to the opinion, that this latter objection to the state of demand is fatal; yet if there was no more serious and fundamental error, in the case, I should hesitate, before I reversed the judgment on this ground. But this case presents, what to me, is a novel, and it may be to the manufacturing and trading community in this state, a very important question.

This defendant it appears by the state of the case, was bound to three masters. Can this be? If to two or three, why not to a dozen or twenty? The father or in case of his death, the mother may covenant with as many as he or she pleases for the services and faithful conduct of the minor; but the minor cannot bind himself to two or more masters. The statute manifestly contemplated but one master or mistress, and it is clearly against the policy of the law, and wholly inconsistent with the relationship that ought to subsist between master and apprentice, that there should be several masters. The public has an interest in the proper discharge of the reciprocal duties growing out of that relationship. The master, to a certain extent, stands in *loco parentis,* and it is of great importance, as well to society as

Thorpe v. Rankin et al.

to the parents and the apprentice, that he should be well instructed in the art or trade to which he has been bound ; and that his moral conduct and character should be watched over and cultivated. These duties are too little attended to, where the obligation and responsibility rests only on one master; but when it comes to be divided between several masters, it will soon become, in practice, the duty of neither of them, to teach the apprentice, either in art or morals. A binding of an apprentice to a particular person, arises, (at least in contemplation of law, and should be so in fact) from an esteem and good opinion of the party to whom he is committed, that he will not only instruct him in his trade or calling, but will also be careful of his health and safety ; and therefore the law has made it such a personal trust or confidence, that the master cannot transfer or assign it to another. *Bac. Abr. Tit. Master and Servant, letter E.* All this is inconsistent with the idea of a plurality of masters. In case of dissensions between them, which of them is the apprentice to obey ? If the apprentice is disobedient, by which of the masters is he to be corrected ? If one master instructs one way, and another, another way of doing a thing, whose instructions must the apprentice follow ? In case of the death or withdrawal of one master from the firm, is the apprentice to survive to the remaining members of the firm ? Or in case of a dissolution of the partnership, and each member setting out in a new business, what is to become of the apprentice ? These and many other questions may arise out of such a binding, that may prove embarrassing to all concerned.

In my opinion therefore, this indenture is void as to the apprentice, and no action will lie against him for having left the service of the plaintiffs. I have diligently searched to the whole extent of my library and have been unable to find a single instance of such a binding as this ; and am thereby much confirmed in the opinion already expressed. Let the judgment of the Common Pleas and also the original judgment be reversed.

*Judgment reversed.*

CITED in *Fisher* v. *Lunger,* 4 *Vr.* 100.